BEN DACHINGER, Appellant, v. ISAAC S. HELLER, Respondent, et al., Defendant.

First Department, March 26, 1957.

*Nathaniel T. Helman* for appellant.

*Monroe Goldwater* of counsel (*Milton Small* and *Robert Rosenthal* with him on the brief; *Goldwater & Flynn,* attorneys), for respondent.

*Per Curiam.* The tenant appellant instituted a statutory action for damages allegedly sustained as the result of the landlord's failure to construct a new building after evicting the tenant pursuant to the appropriate provision of the Business Rent Law (L. 1945, ch. 314, as amd.).

Under the provision of the statute a landlord, in such instance, shall be liable for all damages sustained by a tenant if he "shall fail or neglect to prosecute the work with reasonable diligence". (L. 1945, ch. 314, § 8, subd. [c], as amd. by L. 1955, ch. 701, § 2.) Such action must be instituted within one year after it accrues (L. 1949, ch. 535, § 1, amdg. L. 1945, ch. 314, § 11). In enacting this one-year Statute of Limitations, the Legislature followed the recommendation of the N. Y. State Temporary Commission to Study Rents & Rental Conditions (N. Y. Legis. Doc., 1949, No. 52), as follows: "(e) A one-year statute of limitations is recommended so that persons who have a cause of action under the emergency laws do not sleep on their rights. The Commission believes that this amendment will make it reasonably certain that litigation arising out of these temporary laws will terminate within a reasonable time after their expiration."

The landlord respondent, in a summary proceeding, recovered possession of the premises occupied by the tenant upon proof of his intention to construct a new building to house a supermarket, plans for which were on file and approved. The tenant vacated the premises on May 10, 1952. On June 12, 1952 demolition of the buildings on the proposed site was completed. On June 13, 1952 work on a parking lot and shelter was commenced thereon and this work was completed on July 1, 1952. The tenant instituted this action on September 18, 1953.

On this chronology, the tenant's cause of action accrued no later than July 1, 1952. Commencing on this date, there was an open and notorious use of the site as a parking lot. This was an affirmative act on the part of the landlord that was contrary to the purpose for which he recovered the property. By July 1, 1952, there was notice, constructive if not actual, of a deviation on the part of the landlord from his avowed intention to build a supermarket. The tenant, having failed to institute an action within the one-year period fixed by the statute, his complaint was properly dismissed.

The judgment and order appealed from should be affirmed, with costs.

FRANK, J. (concurring). The facts in this case are sufficiently set forth in the majority opinion to obviate the necessity for repetition. Although concurring in the affirmance of the order dismissing the complaint, I do not agree that July 1, 1952 was

the operative date from which the one-year Statute of Limitations must be computed (L. 1949, ch. 535, § 1, amdg. L. 1945, ch. 314, § 11).

The law that authorizes the recovery of possession of premises by an owner who desires to demolish an existing structure and erect a new one (L. 1945, ch. 314, § 8, subd. [c], as amd. by L. 1955, ch. 701, § 2) provides as follows: '' (c) The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the building or other rental area with the intention of constructing a new building, and the plans for such construction have been approved by the proper authorities, if such approval is required by law. If the landlord shall fail to start the demolition of the building or other rental area within ninety days after the removal of the tenant, or if after having commenced the demolition of such building or other rental area shall fail or neglect to prosecute the work with reasonable diligence, he shall, unless for good cause shown, be liable to the tenant for all damage sustained on account of such removal. In addition to any other damage sustained, the cost of removal of plant and property shall be a lawful measure of damage; or ''.

It will be observed that the legislation expresses several requirements. It permits the recovery of possession if the owner seeking it in good faith has the '' immediate purpose '' of demolishing with the intent to construct a new building. To fulfill the purpose, he must commence demolition within 90 days after the tenant vacates and after the demolition has begun the owner must prosecute the work '' with reasonable diligence ''. The section deals with an act to be performed in the present as distinguished from an existing intention to perform another act in the future.

We should, therefore, hold that the requirement '' to prosecute the work with reasonable diligence '' does not relate to new construction but is confined to demolition of the existing rental area. Although there is a time requirement for the commencement and the completion of demolition, there is none with respect to time within which the intention to erect a new structure must be fulfilled. We cannot assume that the Legislature intended otherwise, or that through an error of draftmanship there was an omission of a time requirement for the erection of a new structure. It may well be that the statutory objective was to prevent a partial or inconsequential demolition and a renting to a new tenant at a higher price, and that it was therefore unnecessary to provide a time schedule for the completion of new construction, once demolition was finished. Or perhaps it was thought there would be no incentive for an

owner to demolish a building and keep the vacant land unimproved and financially unproductive. Other cogent reasons suggest themselves for a deliberate omission in the section of time requirements for the erection and completion of a new structure. Provisions not expressed or manifestly implicit in the phraseology used should not be read into the legislation.

The views expressed herein are buttressed by the 1955 amendment to the section under consideration (L. 1945, ch. 314, § 8, subd. [c], as amd. by L. 1955, ch. 701, § 2). The changes made include a time schedule for reconstruction of existing structures but again omit such requirements for the erection of new buildings.

In this case it should be held that June 12, 1952, when the demolition of the structure occupied by the tenant was completed, signalled the start of the one-year Statute of Limitations.

BOTEIN, J. P., RABIN, VALENTE and McNALLY, JJ., concur in in Per Curiam opinion; FRANK J., concurs in the result in opinion.

Judgment and order unanimously affirmed, with costs.